CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. PMI FRANCHISING, INC., ET AL., APPELLEES.

675 N.W.2d 660

Filed March 12, 2004.    No. S-02-1417.

Dana W. Roper, Lincoln City Attorney, and James D. Faimon for appellant.

Joel D. Nelson, of Keating, O'Gara, Davis & Nedved, P.C., L.L.O., for appellees James E. Hershberger and Sandra M. Hershberger.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
The City of Lincoln (the City) filed suit in the district court for Lancaster County against PMI Franchising, Inc. (PMI), James E. Hershberger, and Sandra M. Hershberger to recover money that was loaned to PMI pursuant to a financing agreement in aid of an economic development program sponsored by the City. The Hershbergers were guarantors on the loan to PMI. The Hershbergers moved for summary judgment. The district court concluded that the City's action against the Hershbergers was barred by the statute of limitations. The court, inter alia, granted summary judgment in favor of the Hershbergers and dismissed the petition. Following various procedural events recited in part below, the City appealed. We note that although PMI and the Hershbergers are all denominated as appellees, the substance of the City's argument shows that the City's appeal is limited to the court's determination that the City's action against the Hershbergers was time barred and to the court's corresponding order granting summary judgment and dismissing the City's action against the Hershbergers. We reverse, and remand for further proceedings.

## STATEMENT OF FACTS
On June 8, 1993, the City and PMI entered into a "Project Financing Agreement" pursuant to which the City agreed to loan $49,500 to PMI and PMI agreed to repay the loan. Paragraph 5 of the agreement provided for monthly payments of interest only for the first 24 months and amortized payments of principal and interest over the following 60 months, for a total term of 7 years. Paragraph 16 of the agreement provided that in the event PMI

defaulted on its obligations, the City was to provide notice of such default to PMI and, in the absence of a cure, the City could thereafter terminate the agreement. Specifically, if PMI failed to correct the default within 30 days of receipt of written notice, then under paragraph 16, "the unpaid balance plus accrued interest to the date of termination [would] become due and payable in full immediately on the date of termination." The Hershbergers executed the agreement as officers of PMI. As part of the financing arrangement, each of the Hershbergers signed an individual guaranty for PMI's obligations under the agreement. Each guaranty provided that the guarantor would unconditionally repay funds loaned to PMI "when due, pursuant to the financing agreement."

According to the record, on July 7, 1993, the City disbursed $23,753.43 to PMI. In the Hershbergers' answer, they do not dispute that "approximately $23,000.00" was loaned. The next document in the record is a December 10, 1993, letter written by James Hershberger to the City, reporting on the progress of the project and seeking a deferral of payments. Evidently, there was a failure of payment at some point, because, in a February 28, 1995, letter contained in the record, the City wrote the Hershbergers declaring that PMI had defaulted under the minimum repayment terms of the agreement. The City's letter stated that if the default was not corrected, the agreement would be terminated and the entire unpaid principal balance of $23,753.43 plus accrued interest would be due and payable. On March 21, James Hershberger sent a letter to the City stating that he wanted to meet to "discuss [the] terms of [the] agreement and a Repayment schedule."

On September 20, 1999, the City filed a petition in the district court against PMI and the Hershbergers. The City filed a second amended petition on December 17, 1999, which is the operative petition. In the second amended petition, the City alleged that PMI had failed to repay the loan contrary to the provisions of the agreement and that the Hershbergers had failed to comply with the provisions of the guaranties. The City alleged that pursuant to the agreement, the City had sent a letter on February 28, 1995, declaring PMI to be in default. In the petition, the City alleged that the unpaid principal and accrued interest was due and payable. The City prayed for a judgment against PMI and the Hershbergers in the amount of the unpaid

principal of $23,753.43 plus accrued interest, as well as costs and attorney fees.

The Hershbergers filed an answer in which, inter alia, they admitted the loan of "approximately $23,000.00" and affirmatively alleged that the City's action against them was barred by the statute of limitations. The Hershbergers also filed a counterclaim alleging that the City breached the agreement by failing to loan PMI the full $49,500, thereby causing the business which was the subject of the agreement to fail.

Although PMI was served, no answer or other appearance was filed on behalf of PMI. Eventually, during the course of the proceedings before the district court, a default money judgment against PMI was entered.

The Hershbergers moved for summary judgment on the basis that the action against them was time barred. An evidentiary hearing on the Hershbergers' motion was held October 16, 2000. Various items of evidence, including correspondence, were admitted. The court agreed with the Hershbergers, and on January 31, 2001, dismissed the second amended petition as to the Hershbergers and, although it had not appeared, PMI. The court reasoned that the cause of action against the Hershbergers was barred by the 5-year statute of limitations pertaining to contracts contained in Neb. Rev. Stat. § 25-205 (Reissue 1995). Included in the court's reasoning was the statement that the City was required to bring its action "within five years after the agreement was signed on June 8, 1993." Because the City did not file its action until 1999, the court concluded that the action was time barred.

The City appealed the January 31, 2001, order of summary judgment to the Nebraska Court of Appeals. The Court of Appeals dismissed the appeal on the basis that the January 31, 2001, order was not a final, appealable order because it did not dispose of the Hershbergers' counterclaim against the City. See *City of Lincoln v. PMI Franchising*, 11 Neb. App. xxiii (No. A-01-269, June 10, 2002). Upon remand, the district court entered an order dismissing the Hershbergers' counterclaim. Further, upon remand, on December 3, 2002, the district court filed a nunc pro tunc order striking reference to PMI in the January 31, 2001, order and granted a default money judgment against PMI. The action having thus been concluded as to all parties and all causes of action,

the City filed a notice of appeal on December 6, 2002. A motion to dismiss the appeal as untimely filed was correctly denied by the Court of Appeals prior to the transfer of this case to this court's docket.

On appeal, the City claims the grant of summary judgment in favor of the Hershbergers and the corresponding dismissal were error.

## ASSIGNMENTS OF ERROR

The City generally asserts that the district court erred in determining that the 5-year statute of limitations under § 25-205 barred the City's petition and in granting summary judgment in favor of the Hershbergers.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Misle v. HJA, Inc., ante* p. 375, 674 N.W.2d 257 (2004). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

Section 25-205 provides that an action upon any agreement, contract, or promise in writing can only be brought within 5 years. The district court reasoned that the statute of limitations on the City's action against the Hershbergers began to run when the Hershbergers signed the guaranties on June 8, 1993. The court therefore concluded that the initial petition filed against the Hershbergers on September 20, 1999, was barred by the 5-year statute of limitations. Giving the City the favorable inferences from the record, we conclude that the court erred in determining that the statute of limitations barred the City's action against the Hershbergers. We reverse.

The statute of limitations provided in § 25-205 applies to an action on a contract of guaranty. *Production Credit Assn.*

*of the Midlands v. Schmer*, 233 Neb. 749, 448 N.W.2d 123 (1989). We have stated that "[t]he statute of limitations begins to run against a contract of guaranty the moment a cause of action first accrues" and that "[a] guarantor's liability arises when the principal debtor defaults." *Id.* at 756, 448 N.W.2d at 128. Taking these principles together, and in the absence of provisions to the contrary in the controlling documents, a cause of action does not accrue against a guarantor until the guarantor's liability has arisen, and a guarantor's liability does not arise until the debtor defaults. Nothing in the guaranties in this case is to the contrary. Therefore, unlike the view of the district court, and assuming a default, the statute of limitations in the present case began to run when PMI defaulted and the Hershbergers' liability arose, rather than when the Hershbergers initially signed the guaranties.

The Hershbergers moved for summary judgment. As the moving party, they had the burden to demonstrate that they were entitled to judgment as a matter of law. See *Misle, supra.* Specifically, in order to succeed on their assertion that the City's case against them as guarantors was filed out of time, the Hershbergers had to show when a default by PMI occurred which triggered their liability and in turn triggered the running of the statute of limitations. The Hershbergers failed to do so.

In their brief, the Hershbergers state that PMI "never paid anything back to the City," brief for appellees the Hershbergers at 4, but elsewhere in their brief, the Hershbergers question "if" PMI defaulted "at all," *id.* at 10. As reflected in the Hershbergers' written argument on appeal, the record is unclear.

We are aware of the December 10, 1993, letter in the record in which James Hershberger requests a deferral of payments, and the letter suggests a default may have or was about to occur. On review, we are required to take inferences in favor of the City as the party against whom judgment was entered. See *Misle v. HJA, Inc., ante* p. 375, 674 N.W.2d 257 (2004). Although a default on or about December 10, 1993, may be inferred from the letter, that is not the only reasonable inference, and for statute of limitations purposes, it is not the inference most favorable to the City.

Other than the December 10, 1993, letter, the only material evidence in the record of a default and when it occurred is the City's letter of February 28, 1995, in which the City declares a default.

Whereas the December 10, 1993, letter offered by the Hershbergers establishes neither a default nor when it occurred, the City's February 28, 1995, letter, by its terms, indicates that a default occurred and, logically, that the default had occurred sometime prior to the writing of the letter. Because the City filed its action on September 20, 1999, a default occurring after September 20, 1994, would be within 5 years of September 20, 1999, and the action against the guarantors would not be time barred.

We further observe that the February 28, 1995, letter was written during the period when only interest was due. Under the terms of the agreement, and in the absence of a cure of default, the unpaid principal became due 30 days after the February 28 letter declaring default. Therefore, on the record before us, default in the payment of the unpaid principal that became due upon termination of the agreement appears to have occurred sometime after the February 28 letter, and the initial petition filed September 20, 1999, would thus have been filed within the 5-year limitations period. A suit seeking recovery of the principal from the guarantors would not appear to be time barred.

Given the record before us, the reasonable inferences are (1) that the Hershbergers' liability arising from default on interest payments arose at an unspecified time prior to the City's February 28, 1995, letter and (2) that pursuant to the agreement, the Hershbergers' liability arising from unpaid principal arose 30 days after the February 28 letter. At the hearing on their motion for summary judgment, the Hershbergers did not establish when their liability as guarantors arose and the statute of limitations commenced. We cannot determine from the record when the statute of limitations started. In sum, the Hershbergers did not establish their entitlement to judgment as a matter of law, see *Misle, supra,* and, therefore, they were not entitled to summary judgment based on an allegation that the City's action was time barred.

## CONCLUSION

We conclude that the district court erred when it determined that the statute of limitations on the City's cause of action against the Hershbergers began to run when the Hershbergers signed the guaranties on June 8, 1993. Instead, the statute of limitations began to run when PMI defaulted and the Hershbergers' liability

arose. Viewing the evidence in the light most favorable to the City, we determine the Hershbergers failed to demonstrate when PMI defaulted and they therefore failed to demonstrate that the City's action was time barred in toto and that they were entitled to judgment as a matter of law. We therefore conclude that the court erred in granting summary judgment in favor of the Hershbergers and entering a corresponding dismissal. We reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.